

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. L. West
County Auditor
Van Zandt County
Canton, Texas

Dear Sir:

Opinion No. O-5055
Re: Payment of premiums on
official bonds of certain
county officials and on
surety bonds of their
deputies in salary coun-
ties.

Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

"According to the last Federal Census my
county has a population of 31,155, and accord-
ing to the last taxroll my county has a valua-
tion of $24,064,064.

"The Commissioners Court desires to place
the Sheriff, Assessor-Collector, County Judge,
County Attorney, District Clerk, County Clerk,
and Treasurer, on a salary as is provided by
Article 3912 E, Section 13.

"Does the County Auditor and Commission-
ers Court have authority to pay the premiums on
the Official Surety Bonds for the Sheriff, As-
sessor-Collector, County Judge, County Attorney,
District Clerk and Treasurer?

"Does the Commissioners Court have author-
ity to pay premiums on Official Surety Bonds for
deputies of the above named officials?

"With the above stated facts, does the Com-
missioners Court and County Auditor have the

authority to pay the premiums on Official Sure-
ty Bonds for the 4 commissioners, where the
salary is based on Article 2350?"

Article 16, Section 61, of our State Constitution,
automatically put county officers in counties having a popu-
lation of 20,000 or more inhabitants according to the last
preceding Federal census on a salary basis from and after
the 1st day of January, 1936. Section 13 of Article 3912e,
V. A. C. S., makes it the mandatory duty of the commission-
ers' courts in counties having a population of 20,000 or
more inhabitants and less than 190,000 inhabitants, accord-
ing to the last preceding Federal census, to fix the salaries
of certain named county officers, including sheriffs, assessors
and collectors of taxes, county attorneys, county judges,
county clerks, district clerks and county treasurers and
other named officers.

Section (b) of Article 3899, V. A. C. S., as amend-
ed by the Acts of the 47th Legislature, 1941, reads, in part,
as follows:

"(b) Each officer named in this Act, where
he receives a salary as compensation for his ser-
vices, shall be entitled and permitted to purchase
or charge to his county all reasonable expenses
necessary in the proper and legal conduct of his
office, premiums on officials' bonds, premiums on
fire, burglary, theft, robbery insurance protect-
ing public funds, and including the cost of surety
bonds for his deputies, provided that expenses in-
curred for the premiums on officials' bonds for
the county treasurer, county auditor, county road
commissioners, county school superintendent, and
the hide and animal inspector, including the cost
of surety bonds for any deputies of any such offi-
cers, may be also included, and such expenses to
be passed on, predetermined and allowed in the
time and amount, as nearly as possible, by the
Commissioners Court once each month for the en-
suing month, upon the application by each offi-
cer, stating the kind, probable amount of expen-
diture and the necessity for the expenses of his
office for such ensuing month, which application
shall, before presentation to said court, first be
endorsed by the county auditor, if any, otherwise
the county treasurer, only as to whether funds
are available for payment of such expenses. . . . .

". . . All such approved claims and accounts; shall be paid from the Officers Salary Fund unless otherwise provided herein.

". . . ."

Prior to its amendment in 1941, by H. B. 524, Acts of the Regular Session of the 47th Legislature, Article 3899, V. A. C. S., while authorizing the payment of premiums on official bonds of certain officers and their deputies, including certain officers and their deputies named in your letter, to-wit, sheriffs, county judges, county attorneys, assessors and collectors of taxes, county clerks and district clerks, did not authorize such payments in behalf of county treasurers, county auditors, county commissioners, county school superintendents, and county hide and animal inspectors. The caption of said H. B. 524 reads as follows:

"An Act amending Article 3899, Revised Civil Statutes of Texas, 1925, as amended by Chapter 311, Acts of the Forty-fourth Legislature, Regular Session, and Chapter 465, Acts of the Second Called Session, Forty-fourth Legislature, and by Chapter 498, Acts of the Forty-fifth Legislature, to provide that premiums on official bonds for the county treasurers, county auditors, county road commissioners, county school superintendents, hide and animal inspectors and their deputies, shall be paid from county funds; and declaring an emergency."

Section 3 of said H. B. 524 also provides:

"The fact that the provisions of this Act are necessary to remedy a discrimination against certain county officials in the matter of payment of costs on premiums on bonds for themselves and for their deputies creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and said rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

You are respectfully advised that it is the opinion of this department that the commissioners' court and county auditor of your county are authorized to pay the

Honorable S. L. West, page 4

bond premium expenditures for official and surety bonds of the officers and deputies listed in your letter out of the officers' salary fund of your county.

JAN 29, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:db


APPROVED
OPINION
COMMITTEE
BY